**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUAN FRANCISCO GONZALEZ, REYES,**<br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, FCI Lewisburg; BRIAN MCSHANE, Philadelphia Field Office Director, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General,**<br>**Respondents** | : | **No. 3:26cv2581**<br><br>**(Judge Munley)** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Petitioner Juan Francisco Gonzalez Reyes under 28 U.S.C. § 2241.[1] Gonzalez Reyes challenges his present detention at FCI-Lewisburg by Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS"). Id. at 1.

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Gonzalez Reyes filed the instant petition while detained at FCI Lewisburg. (Doc. 1 at 1). The petitioner asserts that his continued detention violates the Due Process Clause under the Fifth Amendment. Id. at 5. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

For the reasons set forth below, the petition will be granted as modified. Gonzalez Reyes is entitled to a bond hearing before a neutral and impartial immigration judge.

Gonzalez Reyes is 36 or 37-years old. (Doc. 6-2 at 2). He is a native and citizen of the Dominican Republic. Id. He entered the United States as a Lawful Permanent Resident on April 24, 2002. Id. at 4. On June 12, 2025, he was convicted of conspiracy to distribute and possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (B)(1)(B)(vi), and 846. Id. at 3; Doc. 6-9 at 6. On June 12, 2025, he was sentenced to 12 months and 1 day and three years of supervised release. (Doc. 6-9 at 6–7).

On August 13, 2025, ICE Enforcement and Removal Operations ("ERO") encountered Gonzalez Reyes at FCI-Allenwood Low, where he was incarcerated. (Doc. 6-2 at 3). ERO issued an immigration detainer and warrant for Gonzalez Reyes's arrest pursuant to Sections 237(a)(2)(A)(iii) and (a)(2)(B)(i) of the Immigration and Nationality Act, which make deportable any alien who "is convicted of an aggravated felony" or "of . . . any law . . . relating to a controlled substance." (Doc. 6 at 3; Doc. 6-2 at 3–4); see 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B)(i).

He "was taken into ICE custody on or about September 2025." (Doc. 1 ¶ 12). He has never received a bond hearing, only a denial of his "request for a change in custody status because he is subject to mandatory detention." Id. ¶ 14; Doc. 6 at 4.

The parties agree that Gonzalez Reyes's detention is governed by 8 U.S.C. § 1226(c). (Doc. 1 ¶ 18; see generally Doc. 6). Section 1226(c) is a mandatory detention statute. 8 U.S.C. § 1226(c)(1). It does not limit the length of the detention it authorizes. Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), but "a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional under the Due Process Clause of the Fifth Amendment." Ibrahim v. Superintendent of Miami Corr. Facility, 821 F. Supp. 3d 490, 496 (M.D. Pa. 2026) (Wilson, J.) (citing German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 208–09 (3d Cir. 2020)). In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing." German Santos, 965 F.3d at 210 (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011)).

Reasonableness is "a 'highly fact-specific' inquiry." Id. (quoting Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 474 (3d Cir. 2015)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2)

whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. Id. at 211 (citations omitted).

***Duration of Detention*** – Duration of detention is the most important factor. Id. Under the case law, there is "no presumption of reasonableness or unreasonableness of any duration." Id. (citing Chavez-Alvarez, 783 F.3d at 475 n.7; Diop, 656 F.3d at 234). The longer noncitizens are detained under Section 1226(c) without bond hearings, however, "the more likely their detention abridges the liberty secured by the Due Process Clause." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 433 (3d Cir. 2026) (citations omitted). In Michelin, the Third Circuit reiterated clearly: "[d]etention becomes more and more suspect after five months for Section 1226(c) detainees." Id. (quoting German Santos, 965 F.3d at 211–12)). As it stands, Gonzalez Reyes has been detained by ICE for over a year, so this factor weighs in his favor.

***Likelihood of Continued Detention*** – The second German Santos factor considers the likelihood of continued detention. This factor is neutral, as it is impossible for the court to predict in this case how long Gonzalez Reyes will remain detained before the appeal of his removal order is considered.

***Reasons for the Delay*** – The third German Santos factor considers the reasons for the delay, "such as a detainee's request for continuances." 965 F.3d

at 211 (citing Diop, 656 F.3d at 234; Demore v. Kim, 538 U.S. 510, 531 (2003)). The court also asks "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay.'" Id. (quoting Diop, 656 F.3d at 234) (alteration in original). There is no evidence of either side delaying removal proceedings or requesting continuances. Thus, this factor is neutral. See id. at 212.

***Conditions of Confinement*** – The fourth German Santos factor requires a determination of whether "the alien's conditions of confinement are meaningfully different from criminal punishment." Id. at 211 (cleaned up). Under the law, "if an alien's civil detention . . . looks penal, that tilts the scales toward finding the detention unreasonable." Id. (citing Chavez-Alvarez, 783 F.3d at 478). Petitioner argues that his conditions at FCI Lewisburg are materially indistinguishable from criminal punishment, and this court has previously held as much. See, e.g., Taimazov v. Sage, No. 3:26cv1837, 2026 WL 2413618, at *4 (M.D. Pa. Aug. 18, 2026).

***Balancing the Factors*** – On balance, the non-neutral German Santos factors, duration of detention and conditions of confinement, weigh in favor of granting relief. The petition for writ of habeas corpus will be granted.

***Form of Relief*** – This determination does not entitle Gonzalez Reyes to the outright release he seeks. Rather, because of the violation of his due

process rights, the petitioner is entitled to a timely bond hearing before a neutral and impartial IJ. At the bond hearing, the government will bear the burden of justifying petitioner's continued detention by clear and convincing evidence that "must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." German Santos, 965 F.3d at 213–14.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Juan Francisco Gonzalez Reyes's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**.

2) Gonzalez Reyes's detention is governed by 8 U.S.C. § 1226(c); however, such detention without a bond hearing has grown unreasonable and violates the petitioner's right to due process of law;

3) The government shall, by **November 3, 2026**, provide Gonzalez Reyes with an individualized bond hearing before an IJ in accordance with the analysis in the memorandum order;

4) At that hearing, the government will bear the burden of establishing by clear and convincing evidence that Gonzalez Reyes's continued detention is necessary because he presents a flight risk or danger to the community if released;

5) On or before **November 10, 2026**, respondents shall file a declaration pursuant to 28 U.S.C. § 1746 confirming that Gonzalez Reyes has received a bond hearing;

6) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

7) The Clerk of Court is directed to close this case.[2]

**Date:** 10/21/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

[2] Petitioner requests attorney's fees pursuant to 28 U.S.C. § 2412. (Doc. 1 at 11). A petition for writ of habeas corpus challenging immigration detention under 28 U.S.C. § 2241 is a civil action for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and this statute unambiguously applies here. Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 428, 432 (3d Cir. 2026). Petitioner may file a motion for costs and fees within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); see FED. R. CIV. P. 54(d).